UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>                   Plaintiff,<br><br>       v.<br><br>G. LEVINE, et al.,<br><br>                   Defendants. | 1:15-cv-01150 BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 24, 2015, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on

1

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff moves for the appointment of counsel because (1) he is unable to afford counsel; (2) his imprisonment will limit his ability to litigate; (3) he has no legal training; (4) he is no longer housed at the prison where the incident took place; (5) he is severely mentally and physically disabled; (6) trial likely will involve conflicting testimony; and (7) he has made repeated attempts to secure counsel.  Having considered Plaintiff's moving papers, the Court does not find the required exceptional circumstances.  Plaintiff's assertions of physical and mental disabilities are unsupported by any medical records.  Additionally, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases alleging Eighth Amendment violations almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 27, 2015**         /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE