UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SCOTT K. RICKS,<br><br>    Plaintiff,<br><br>vs.<br><br>G. LEVINE, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01150-RRB<br><br>**<u>DISMISSAL ORDER</u>** |
|---|---|

Plaintiff Scott K. Ricks, a California state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 against several state officials.[1] Ricks is currently incarcerated at the Pleasant Valley State Prison, Coalinga. Ricks' complaint arises out of a prior incarceration at the Sierra Conservation Camp, Jamestown, California during the period February 2009 through February 2012.

///

///

///

///

---

[1] In addition to G. Levine, M.D., Ricks names as Defendants: M. Forster, M.D.; C. Smith, Health Care Coordinator; and J. Clark Kelso, Federal Health Care Receiver. Ricks also indicates additional Defendants are named in the "attached." The Court's review of the Complaint does not reveal the identity of any other named Defendants. Although Ricks identifies two other surgeons in the body of his Complaint, Dr. Monfore and Dr. M.Michael, his Complaint contains no allegation whatsoever that could plausibly support any claim against either of them.

DISMISSAL ORDER
*Ricks v. Levine*, 1:15-cv-01150-RRB – 1

**I.      SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard

---

[2]  28 U.S.C. § 1915A(a).

[3]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5]  *See Booth*, 532 U.S. at 734.

[6]  Fed. R. Civ. P. 8(a)(2).

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*
(continued...)

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.    GRAVAMEN OF COMPLAINT

Ricks suffers from multiple hernias. Ricks alleges that Dr. Levine performed two "botched" surgeries: May 6, 2010, and April 21, 2011. Although it is unclear, as against

---

[7](...continued)
*Twombly*, 550 U.S. 554, 555 (2007)).

[8]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]  *Id.*

[12]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Dr .Forster (Ricks' Primary Care Physician) Ricks' claim appears to be founded on a refusal to schedule Ricks for corrective surgery at some point prior to February 2012.

With respect to C. Smith, Health Care Coordinator, and J. Clark Kelso, Federal Health Care Receiver, his allegations appear to be solely directed at the processing of Rick's administrative appeals between June and December 2014. Ricks appears to contend that the manner in which Smith processed his 2014 administrative appeals somehow denied Ricks' right to due process. As against Kelso, Ricks also contends that although Kelso knew of the two botched surgeries and refusal to perform the third, Kelso's refusal to intervene constituted deliberate indifference.

As and for relief Ricks seeks to have the Court order that Dr. Forster, C. Smith, and J. Clark Kelso be fired. Ricks also seeks compensatory damages of $500,000, jointly and severally, and punitive damages of $500,000 against each of the Defendants.

## III.    DISCUSSION

As presently constituted, Ricks' Complaint suffers from several deficiencies. First, with respect to his claims against Dr. Levine, the acts attributed to him all occurred prior to July 24, 2011, more than four years prior to date Ricks initiated this action. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[13] The applicable

---

[13] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

limitations period for prisoners under California law is four years.[14] Thus, unless tolled, Ricks's action against Dr. Levine is barred by the four-year limitation period.

With respect to the claims against Dr. Levine and Dr. Forster, Ricks has a high hurdle to clear. In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[15] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[16] "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[17] While Ricks' allegations may survive screening, Ricks is reminded that he has the burden of proof by competent medical testimony to establish all of the elements.

The second deficiency with respect to the claims against Dr. Levine and Dr. Forster is that it does not appear that Ricks properly exhausted his administrative remedies.

---

[14] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

[15] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[16] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[17] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[18] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[19] "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[20]

Although exhaustion is an affirmative defense to be raised and proven by the defense,[21] Ricks is cautioned that a failure to have properly exhausted his administrative remedies may result in dismissal at the early stages of the proceedings. "Exhaustion should be decided, if feasible, early in the proceedings before reaching the merits of a prisoner's claim."[22] This will usually be by a motion for summary judgment.[23] On the other hand, "[a] complaint is subject to dismissal for failure to state a claim if the allegations of the Complaint, taken as true, show the plaintiff is not entitled to relief."[24] Thus, "in those

---

[18] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[19] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[20] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[21] *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Albino*, 747 F3d at 1166, 1168.

[22] *Albino*, 747 F3d at 1170. The Ninth Circuit also noted that "if discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving to later—if it becomes necessary—discovery directed to the merits of the suit." *Id.*

[23] *Id.* at 1166, 1168–69 (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

[24] *See Jones,* 549 U.S. at 215 (noting that if the allegations show that relief is
(continued...)

rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may move under Rule 12(b)(6) for failure to state a claim."[25] A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[26] Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[27] If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[28]

With respect to Ricks' claims against C. Smith, Appeals Coordinator, Ricks simply alleges that Smith "illegally rejected" Ricks' CDCR 602-HC in violation of Ricks' due process rights. As noted above, mere conclusory allegations are insufficient. Furthermore, in the context of grievances, prisoners have no right to a particular procedure.[29] Consequently, the Complaint as against Ricks must also be dismissed for failure to state a claim upon which relief may be granted. While it is highly unlikely that Ricks can plead a viable claim against C. Smith, the Court will nonetheless grant Ricks leave to amend.

---

[24](...continued)
barred by the applicable statute of limitations, an affirmative defense, the complaint is subject to dismissal); *Albino*, 747 F3d at 1169.

[25]  *Albino*, 747 F3d at 1166.

[26]  *Id.* at 1172.

[27]  *Id.*

[28]  *Wyatt*, 315 F.3d at 1120 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.3d 365, 368 & n.3 (9th Cir. 1988) (*per curiam*)).

[29]  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see Hewitt v. Helms*, 459 U.S. 460, 472 (1983) (discussing the flexible approach to due process requirements in the prison context).

Ricks' claim against J. Clark Kelso, the Federal Health Care Receiver, is also deficient. As with Ricks' claim against Smith, the allegation against Kelso simply alleges Ricks' appeal was "illegally cancelled." Although it is not entirely clear, Ricks appears to also allege that Kelso was somehow liable for the allegedly "botched" surgeries in 2010 and 2011. If so, it may also suffer from the same infirmity as the claim against Dr. Levine. Therefore, the Complaint as against Kelso must also be dismissed. As with the claim against Smith, while its highly unlikely that Ricks can plead a viable claim against Kelso, the Court will nonetheless grant him leave to amend.

Finally, while this Court may award monetary damages and, to a limited extent, injunctive relief, even if the hiring authority were properly before the Court, it has no jurisdiction to order that any of the Defendants be fired.

## IV.    ORDER

The Complaint on file herein is hereby **DISMISSED** in its entirety.

Ricks is hereby granted through and including **December 4, 2015**, within which to file an amended complaint consistent with this Order. In amending the complaint, Ricks should:

1.    Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

DISMISSAL ORDER
*Ricks v. Levine*, 1:15-cv-01150-RRB – 8

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

  2. Use and follow the instructions for completing the form provided by the Clerk of the Court.

  3. With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief: (1) the identity of the person doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result; and (4) the specific relief requested, e.g., amount of monetary damages.

  4. Sequentially number paragraphs, and attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control.

  5. If the act occurred prior to July 24, 2011, set forth specific facts that support the tolling of the limitations period, including the periods during which it was tolled.

  6. With respect to each claim affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

///

///

///

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 13th day of October, 2015.

                                  S/ RALPH R. BEISTLINE
                                  UNITED STATES DISTRICT JUDGE