UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>    Plaintiff,<br><br>vs.<br><br>G. LEVINE, *et al*.,<br><br>    Defendants. | Case No. 1:15-cv-01150-RRB<br><br>**ORDER RE: MOTION<br>AT DOCKET 17** |

At **Docket 17** Plaintiff Scott K. Ricks, a State prisoner appearing *pro se* and *in forma pauperis*, filed a Motion for Appointment of Counsel.

Generally, a state prisoner has no right to counsel in civil actions.[1] "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[2]

---

[1] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[2] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

The availability of *pro bono* counsel to represent indigent prisoners is limited. As noted in the pending motion, Plaintiff has made considerable effort to obtain counsel without success. Furthermore, while this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this is not a case in which it is necessary to appoint counsel at this point in the proceedings.

Accordingly, the Motion to Appoint Counsel at Docket 17 is hereby **DENIED** without prejudice.

**IT IS SO ORDERED** this 5th day of January, 2016.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE