# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT K. RICKS, | ) | 1:15-cv-01150-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S THIRD |
| | ) | MOTION REQUESTING THE |
| v. | ) | APPOINTMENT OF COUNSEL, WITHOUT |
| | ) | PREJUDICE |
| G. LEVINE, et al., | ) | |
| | ) | (ECF No. 39) |
| Defendants. | ) | |
| | ) | |

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 24, 2015. On November 30, 2016, District Judge Anthony Ishii ordered this action to be related to Ricks v. Austria, et al., 1:15-cv-01147-AWI-BAM, and Ricks v. Onyeye, et al., 1:15-cv-1148-AWI-BAM. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's third motion for the appointment of counsel in this matter, filed December 9, 2016 (ECF No. 39).

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's filings are clear and understandable, and he has been able to comply with the Court's orders. Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel at this time.

The Court notes that Plaintiff's motion contains similar arguments and contentions as his recent motions for counsel in the cases related to this case. As has been previously explained to him, regarding his contentions of limited writing supplies, limited law library access, and medical conditions, the Court reminds Plaintiff that if he requires additional time to comply with any deadline, he may request an extension, supported by good cause and filed before that deadline expires.

Accordingly, it is HEREBY ORDERED that Plaintiff's third motion for the appointment of counsel, filed December 9, 2016 (ECF No. 39) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 12, 2016**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE