# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. LEVINE, et al.,<br><br>　　　　Defendants. | ) 1:15-cv-01150-AWI-BAM (PC)<br>)<br>) ORDER REGARDING PLAINTIFF'S<br>) SECOND MOTION FOR EXPLANATION<br>) OF LEGAL TERMINOLOGY AND<br>) PROCEEDINGS<br>)<br>) (ECF No. 44)<br>)<br>) |

　　　　Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is related to Ricks v. Austria, et al., 1:15-cv-01147-AWI-BAM, and Ricks v. Onyeye, et al., 1:15-cv-1148-AWI-BAM. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Currently before the Court is Plaintiff's second motion for explanation of legal terminology and proceedings. (ECF No. 44). Plaintiff notes that in a previous motion requesting the appointment for counsel, he contended that he lacked law library access and writing and mailing materials. Plaintiff further states that he continues to lack such access. Plaintiff also states he does not know what the terms "discovery" or "discovery procedures" mean, and does not know how to comply with discovery. Plaintiff further requests print-outs of any case law, rules, and terminology referenced in any court documents.

///

To Plaintiff request for information regarding discovery, the Court cannot give Plaintiff legal advice, which includes providing Plaintiff with further details on how to conduct discovery. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants. . . . Requiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decisionmakers.")

The Court has previously issued to Plaintiff a First Informational Order, on July 24, 2015 (ECF No. 4), and an Amended Discovery and Scheduling Order, on December 15, 2016 (ECF No. 43). These orders contain the information provided to Plaintiff regarding applicable rules and requirements in this case, including on discovery. The Court notes that these orders are written in plain language intended for non-attorneys, and include both citations to and relevant information from applicable rules. Litigating this case in compliance with the relevant rules and the Court's orders is solely the Plaintiff's responsibility.

Regarding Plaintiff's contentions of a lack of law library access and writing and mailing materials, as the Court has previously noted in this action and in the other related cases, Plaintiff has submitted many lengthy, handwritten filings citing various legal authorities. This includes the subject motion, and other filings made while Plaintiff was housed at his current institution. It appears, therefore, that Plaintiff has had some access to legal reference materials, and writing and mailing materials, despite his contentions.

The Court generally does not send litigants free hard copies of rules or case law, and any deviation from that standard practice represents an exception which must be justified. Copies of the rules cited in the Court's orders should be available to Plaintiff from the law library at his institution. His request to have print-outs provided to him will be denied.

Finally, in an abundance of caution and based on Plaintiff's contentions of the lack of law library access at this time, the Court advises Plaintiff that he may request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access the law library. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970).

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's second motion for explanation of legal terminology and proceeding, filed January 11, 2017 (ECF No. 44), is DENIED.

IT IS SO ORDERED.

Dated: **January 12, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE