# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT K. RICKS, | ) | Case No.: 1:15-cv-01150-AWI-BAM (PC) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S FOURTH MOTION REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | ) ) ) | |
| G. LEVINE, et al., | ) ) | [ECF No. 71] |
| Defendants. | ) ) ) | |

Plaintiff Scott K. Ricks is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion requesting the appointment of counsel, filed on March 27, 2018. (ECF No. 71.) In support of his request for counsel, Plaintiff declares that he is unable to afford counsel, his imprisonment limits his ability to litigate, that his claim is complex, and that he has no access to legal resources. Plaintiff also states that he has medical conditions, including epilepsy and a seizure disorder, that he is permanently physically disabled, and that he receives mental health services. Plaintiff has sought counsel, to no avail.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. The Court has recently recommended that summary judgment be granted in favor of all Defendants in this action, and those findings and recommendations are pending. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's filings are clear and understandable, and he has been able to comply with the Court's orders. Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel.

Accordingly it is HEREBY ORDERED that Plaintiff's fourth motion seeking the appointment of counsel, filed on March 27, 2018 (ECF No. 71) is denied, without prejudice.

IT IS SO ORDERED.

Dated: **April 4, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE